IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GREGORY K. WHITT                                                    PLAINTIFF

v.                          Civil No.   2:25-cv-02017-TLB-MEF

SHERIFF HOBE RUNION;
CIRCUIT JUDGE R. GUNNER DELAY;
PUBLIC DEFENDER PATRICK F. FLAKE;
PROSECUTOR HOUSTON RACE GARNER;
and PROSECUTOR PACE COLTON                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Gregory K. Whitt, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's failure to prosecute this case.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.        BACKGROUND

Plaintiff, proceeding *pro se*, originally submitted this case for filing, on February 26, 2025, through a document titled "Petition for Emergency Hearing & Injunctive/Protective Orders." (ECF No. 1).  At the time he filed this case, Plaintiff was incarcerated in Sebastian County Detention Center in Fort Smith, Arkansas.  *Id.*  The Court provisionally filed this document as Plaintiff's Complaint in a Prisoner Civil Rights Action pursuant to 42 U.S.C. § 1983.  (ECF No. 2).  The Court further ordered Plaintiff to either pay his filing fee or submit a completed

1

Application to proceed *in forma pauperis* ("IFP").  (ECF No. 2).  Plaintiff complied and submitted an IFP Application, and the Court granted him IFP status on March 19, 2025.  (ECF Nos. 5, 9).

After a review of Plaintiff's initial filing document, the Court determined it was unable to adequately ascertain Plaintiff's specific claims and whether he was asserting habeas claims or Section 1983 civil rights claims.  Accordingly, on April 10, 2025, the Court entered an Order directing Plaintiff to file an Amended Complaint.  (ECF No. 22).  In this Order, Plaintiff was given specific instructions on amendment requirements and provided with Court forms for a 42 U.S.C. § 1983 Complaint Form and a Habeas Petition Form pursuant to 28 U.S.C. § 2241.  Plaintiff was ordered to submit one or both of the Forms as his Amended Complaint by May 12, 2025.  *Id.*

Plaintiff initially failed to respond to the Court's Order of April 10, 2025, with either the Section 1983 Complaint Form or a Section 2241 Petition, but instead he filed multiple miscellaneous motions in this case.[1]  Then, on June 9, 2025, Plaintiff filed a completed Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 34).  The Court construes this filing as Plaintiff's response to the Court's Order to Amend entered on April 10, 2025, and the Court interprets this filing as Plaintiff's clarification that he intends his claims to be construed as Habeas claims and not civil rights claims pursuant to Section 1983 since he did not submit an Amended Complaint using the Section 1983 Complaint Form.

---

[1] On April 21, 2025, Plaintiff filed a Motion for Writ of Prohibition.  (ECF No. 23).  On April 28, 2025, Plaintiff filed a Motion for Order seeking an order directed to the Arkansas State Hospital. (ECF No. 24).  On May 6, 2025, Plaintiff filed a Motion for Emergency Hearing (ECF No. 25), and a Motion for Writ of Mandamus (ECF No. 26).  On May 13, 2025, Plaintiff filed a Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 27), and a Motion to Reconsider the Court's previous Order denying Plaintiff's first Motion for Writ of Mandamus without prejudice (ECF No. 28).  On May 19, 2025, Plaintiff filed a Notice to the Court (ECF No. 30), a Motion for Preliminary Injunction (ECF No. 31), and a Motion for Restraining Order (ECF No. 32).

Accordingly, the Court directed the Clerk to file Plaintiff's § 2241 Petition submitted on June 9, 2025, in his already open habeas proceeding at Civil No. 2:25-cv-02054. (ECF No. 35).

## II.     DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

A dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or ... persistent failure to prosecute a complaint. [The Court must consider] ... whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

While the Plaintiff partially complied with the Court's Order of April 10, 2025, in submitting his § 2241 Petition, he has failed to file an Amended Complaint asserting any Section 1983 claims. Further, it appears the Plaintiff purposefully chose not to file an Amended Complaint under Section 1983 herein. Therefore, Plaintiff has failed to prosecute any potential Section 1983 claims, the type of case filed here, and this case should be dismissed. Accordingly, the undersigned finds that this Section 1983 case should be dismissed without prejudice as Plaintiff has failed to prosecute any such claims and has, instead, chosen to pursue habeas claims as stated in the § 2241 Petition he submitted on June 9, 2025, and which has been filed in his open habeas case at Civil No. 2:25-cv-02054-TLB-MEF.

### III.    CONCLUSION

For the reasons discussed above, and pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the undersigned RECOMMENDS that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE.** Moreover, the undersigned RECOMMENDS Plaintiff's pending Motions (ECF Nos. 23, 24, 25, 26, 27, 28, 29, 31, and 32) in this case should be **DENIED** as **MOOT**.

**STATUS REFERRAL:  Referral should be terminated.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 9th day of June 2025.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE